397-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GOOD EARTH MARITIME
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)

RECEIVED
JUL 28 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOOD EARTH MARITIME,

                 Plaintiff,

-against-

PARASOL ENTERPRISES LTD., and
TORBAPAK MADENCILIK SANAYI
VE TICARET A.S.,

                 Defendants.
-----------------------------------------------------------x

08 CIV.        (        )

**VERIFIED COMPLAINT**

Plaintiff GOOD EARTH MARITIME (hereinafter "GEM"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants PARASOL ENTERPRISES LTD. (hereinafter "PARASOL") and TORBAPAK MADENCILIK SANAYI VE TICARET A.S. (hereinafter "TORBAPAK"), alleges upon information and belief as follows:

### JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim to recognize and enforce a foreign maritime arbitration award. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2. At all times material hereto, GEM was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business at "Haveli" No 2, North Crescent Road T.Nagar, Chennai – 600017, India.

3. At all material times hereto, Defendant PARASOL was and still is a foreign business entity organized and existing under the laws of British Virgin Islands with a place of business c/o TORBAPAK, Talatpaşa Mahallesi Emirgazi Caddesi 2, 34400 Okmeydani, İstanbul, Turkey.

4. At all material times hereto, Defendant TORBAPAK was and still is a foreign business entity organized and existing under the laws of a foreign country with a place of business at Talatpaşa Mahallesi Emirgazi Caddesi 2, 34400 Okmeydani, Istanbul, Turkey.

## THE DISPUTE

5. On or about October 20, 2005, GEM, as owner of the vessel M/V GOOD TRADE, entered into a maritime contract, on an amended GENCON charter party form, with PARASOL, as charterer, for the use and operation of that vessel (the "Charter Party").

6. Under the terms of the Charter Party, the performance of all duties and obligations by PARASOL were fully guaranteed by Defendant TORBAPAK.

7. The Charter Party between GEM and PARASOL and TORBAPAK contemplated the carriage of a shipment of 35,000 metric tons of coal (10% more/less at charterer's option) from the loading port of Durban to the discharge port of Marmara or Samsun.

8. GEM duly tendered the vessel under the Charter Party and the vessel commenced performance under the command and operation of PARASOL and TORBAPAK.

9. GEM met all of its obligations to PARASOL and TORBAPAK pursuant to the Charter Party.

10. As per the terms of the Charter Party, PARASOL and TORBAPAK were required to load and discharge at a defined average rate of speed. Pursuant to the terms of the Charter Party, Defendants were required to pay to GEM the sum of $14,000 per day pro rata as demurrage for each day the vessel was utilized by Defendants in excess of the time allotted in the Charter Party for loading and discharge operations.

11. Defendants were required to load at the loading port of Durban at the average rate of 6,000 metric tons per 24 consecutive weather working hours (Sundays and holidays included). Defendants, in breach of the Charter Party, completed loading operations in 3 days, 8 hours and 1 minute above and beyond the period allotted in the Charter Party. Accordingly, Defendants incurred demurrage at the port of Durban in the sum of $46,676.39 for which they became and are liable to GEM.

12. In addition, Defendants were required to discharge at the discharging port of Rota, Turkey at the average rate of 8,000 metric tons or 10,000 metric tons per 24 consecutive weather working hours (Sundays and holidays included). Defendants, in breach of the Charter Party, completed discharging operations in 2 days and 37 minutes above and beyond the period allotted in the Charter Party. Accordingly, Defendants incurred demurrage at the port of Rota in the sum of $28,344.94 for which they became and are liable to GEM.

13. Plaintiff GEM has made due demand for payment to Defendants PARASOL and TORBAPAK for demurrage incurred at Durban and Rota, however, in breach of the Charter Party, Defendants have refused or have otherwise failed to pay.

14. Defendant PARASOL utilizes the services of non-party Harlow International Ltd. as a paying agent, through whom PARASOL sends and/or receives funds on its behalf.

15. During the course of the charter, Defendant PARASOL remitted freight payments to Plaintiff GEM in the name of non-party Harlow International Ltd.

16. Pursuant to the terms of the charter party contract between GEM and PARASOL, all disputes are subject to arbitration, with English law to apply.

17. Following the failure of the Defendants to pay the outstanding sums due to Plaintiff, GEM commenced arbitration proceedings against Defendant PARASOL in London in accordance with the terms of the charter.

18. On February 4, 2008, the Arbitrators issued a Final Award in favor of GEM and directed PARASOL to pay the following sums:

    a. $73,413.29 on its principal claim;

    b. Interest on the principal claim at the rate of 7.5% per annum compounded every three months as of January 6, 2006 until date paid, or US$15,377.08

    c. GEM's costs to be assessed by the tribunal if not agreed plus interest thereon at the rate of 7.5% per annum compounded every three months as of January 4, 2008 until date paid. These costs have yet to be assessed, but are estimated to be about £15,000, or US$30,000.

    d. £6,875 (or $13,735.50) for the arbitrators' fees plus interest thereon at the rate of 7.5% per annum compounded every three months as of the date of payment by Plaintiff, until the date paid by

>Defendant(s); GEM paid these fees on 21 Jan 2008, giving an allowance for interest of £269.77 or US$539

totaling a sum of roughly $133,064.87

19. To date PARASOL has failed to pay GEM as required by the award.

## **RELIEF SOUGHT**

20. This action is brought to obtain jurisdiction over PARASOL and TORBAPAK and to obtain security in favor of GEM in respect to enforcement of the sums due to GEM under the arbitral award issued in its favor, including but not limited to interest, GEM's attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

21. After investigation, Defendants PARASOL and TORBAPAK cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants or as may be held, received or transferred for their benefit, including any payments made or received in the name of non-party Harlow International Ltd. on behalf of Defendant PARASOL, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

22. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by GEM against PARASOL and TORBAPAK includes:

(a) GEM's claim for damages awarded under the arbitral award in the sum of $133,064.87 Interest in the amount of $15,000 calculated on the above sum at the rate of 7.5% per annum, compounded quarterly, for one year, the estimated time it will take to obtain an order recognizing and confirming the final arbitration award and judgment in favor of GEM; and

23. Legal fees and costs incurred in connection with bringing this action in the sum of $20,000.00.

24. Based upon the foregoing, the total amount GEM seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$168,064.86.**

25. GEM has commenced arrest proceedings in the courts of Rotterdam in an effort to enforce its claims under the award.

26. To date, GEM has obtained security in the Rotterdam action in the sum of US$18,476.

27. GEM is undertaking steps to enforce the sums due it under the award, at least in part, against these funds but to date there has been no judgment issued by the Rotterdam court in GEM's favor.

28. To the extent that GEM is able to enforce the award, in part, against the funds held in Rotterdam, GEM will voluntarily reduce the level of security sought via this action.

W H E R E F O R E, Plaintiff GOOD EARTH MARITIME prays:

    a. That process in due form of law according to the practice of this Court may issue against Defendants PARASOL and TORBAPAK, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of **$168,064.86**, plus interest, costs and attorneys' fees;

    b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants as described herein, up to and including the amount of the claims of **$168,064.86** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendants, including any payments made or received in the name of non-party Harlow International Ltd. on behalf of Defendant PARASOL, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

    c. That this Court recognize and enforce the foreign maritime arbitration award in favor of Plaintiff and against Defendant and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d. For such other, further and different relief as this Court may deem just and proper in the premises, including but not limited to an award of attorneys' fees incurred in this action as a result of Defendants' bad faith refusal or failure to pay on the foreign maritime arbitration award.

Dated: New York, New York
July 28, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GOOD EARTH MARITIME

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900

## **ATTORNEY VERIFICATION**

State of New York  )
                   ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
28th day of July, 2008

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/